# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ENRIQUE CEBALLOS-GERMOSEN,

    Plaintiff,

           v.                        Civil No. 15-1261 (SEC)

DOCTOR'S HOSPITAL CENTER
MANATI, ET AL.,

    Defendants.

## MEMORANDUM AND ORDER

Enrique Ceballos-Germosen (Plaintiff), a citizen of the Dominican Republic, brought this action to recover personal damages from Doctor's Hospital Center Manatí, several doctors in their personal capacity, and their respective spouses (collectively, Defendants), for the wrongful death of his mother Fremia Germosen (Fremia). He also brought an action for the damages suffered by his mother as a result of Defendants' negligence—the survival action—as an heir of his Fremia's estate. At the time of her death, Fremia was domiciled in Puerto Rico.

Plaintiff's sisters, who are citizens of Puerto Rico, also sued the same defendants for Fremia's wrongful death in local court. They also brought personal actions for their own suffering and a survival action on behalf of their mother's estate. Thus, parallel litigation involving similarly situated parties and identical claims has been pending in the Commonwealth court.

Recently, however, Plaintiff voluntarily dismissed the survival action in this case. This happened shortly after Defendants moved to dismiss it for lack of indispensable parties,[1] and the Court questioned its own jurisdiction to entertain the

---

[1] See Cruz Gascot v. Hima, 728 F.Supp. 2d 14 (2010) (Besosa, J.) (dismissing a survival action holding that all members of an estate are necessary and indispensable parties to a survival action, and joinder of non-diverse parties would deprive the court of complete diversity).

survival action under the plain language of 28 U.S.C. § 1332(C)(2). This jurisdictional statute dictates that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." The Court noted that the cases in this district have always proceeded "under the assumption that under Puerto Rico law, an heir "is not a representative of [a decedent's] succession for purposes of [28 U.S.C.] § 1332," and pondered whether this assumption is valid. Docket # 35, p. 2, quoting Arias-Rosado v. Gonzalez Tirado, 111 F.Supp.2d 96, 99 (D.P.R. 2000).

Plaintiff's remaining claim for personal damages is derivative of, and in a sense, contingent on the merits of the survival action asserted in Commonwealth court. For instance, it would be inconsistent for this Court to find Defendants in this case liable for Plaintiff's personal damages while the local court finds that no medical malpractice was involved in his mother's death. "While the state court could comprehensively adjudicate both [the personal action and the survival action of Plaintiff and his sisters], this Court cannot, for there is no complete diversity among all parties." Rolón v. Univision Television Grp., Inc. Civil No. 11-1903 JAG, 2012 WL 4483786, at *4 (D.P.R. Sept. 27, 2012). "Consequently, the 'most complete action,' or at least the one with the potential of being so, is clearly the one in state court." Id.

Considering the preference towards comprehensive disposition of litigation, the parties shall SHOW CAUSE why this case should not be stayed pending the resolution of the state proceedings. "Although neither party raised the possibility of deferring the exercise of federal jurisdiction, [the Court] may do so sua sponte." Bacardi Int'l Ltd. v. V. Suarez & Co., 719 F.3d 1, 13 (1st Cir. 2013) (construing Jiménez v. Rodríguez-Pagán, 597 F.3d 18, 29-30 (1st Cir. 2010), recognizing that "when non-diverse parties are absent from the federal litigation, but are part of the advanced state litigation, as [Plaintiff's sisters] [are] in this case, the desirability of avoiding piecemeal litigation favors staying the federal proceeding."). Moreover, if the action pending in local court is more advanced than this action, the parties shall also discuss the "first to file" or

"prior pending case" rules, See e.g. Quality One Wireless, LLC v. Goldie Group, LLC, 37 F.Supp.3d 536 (D. Mass. 2014), in their analyses.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of April, 2016.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge